## Second National Bank v. James H. Gilbert.

1.  SHERIFFS—*Right to Require an Indemnity Bond.*—A sheriff entitled to an indemnity bond has a right to require one that needs no explanations, and on its face is subject to no objections.

**Trespass on the Case,** for a false return.  Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.  Heard in this court at the March term, 1897.  Affirmed.  Opinion filed May 24, 1897.

REMY & MANN, attorneys for appellant.

E. R. BLISS, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant recovered a judgment in the Superior Court of Cook County against Frederick S. Eames for $2,450 and costs, upon which it sued out execution and placed the same in the hands of the appellee, who was sheriff of Cook county,

to execute. The only property Eames had was the half interest in the furniture of a hotel, to the conduct of which neither he nor his partner gave any practical attention, but which was managed by one Hanna, who claimed to be in possession under a bill of sale from both partners to the father of Eames, and that he (Hanna) was managing the hotel for the father.

Thereupon the appellee required an indemnity bond, and the one circumstance which is fully established is, that the attorneys of appellant prepared a bond, in which the appellant purported to be the principal and John A. Lynch was surety, but it was not sealed by the appellant, and was objected to by the appellee for that defect, which was never cured.

It is not argued by the appellant that the appellee was not entitled to an indemnity bond under Sec. 43, Ch. 77, R. S., 1872, but it is argued that the bond was good enough if the appellant was not bound.

That a good bond, which the sheriff would be bound to accept, might be made without the appellant as principal, is beside the question.

On its face the bond was imperfect—apparently incomplete. Had the appellee accepted it, and needed recourse to it, he might have been met by the defense that Lynch signed the bond provisionally—not to be delivered until complete. We need not consider whether such defense would have been good. That it would have been at least very troublesome may be seen by consulting Gage v. City of Chicago, 2 Ill. App. 332; City of Chicago v. Gage, 95 Ill. 593; and Comstock v. Gage, 91 Ill. 328.

The appellee was entitled to a bond that needed no explanations, and on its face was subject to no objections.

This feature of the case makes it unnecessary to consider others.

The appellee returned the execution "no property found," and the appellant sued him for a false return. The court, trying the cause without a jury, found for the appellee, and entered judgment in his favor, which is affirmed.